## UNITED STATES DISTRICT COURT

## FOR THE

## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN INCOME LIFE INSURANCE COMPANY<br>1200 Wooded Acres Drive<br>Waco, TX 76797,<br><br>        Plaintiff,<br><br>    vs.<br><br>STEVE MOHRING<br>2543 Centerport Road<br>Mohrsville, PA 19541<br><br>NATASHA MORENO, individually, and as parent and next friend of M.M., a minor<br>1320 W. Farms Road, Apt. 3N<br>Brox, NY 10549<br><br>and<br><br>DEJANAE NAVEDO<br>519 Shalter Avenue<br>Temple, PA 19560<br><br>        Defendants. | CASE NO.<br><br>**INTERPLEADER COMPLAINT** |

### COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

Plaintiff, American Income Life Insurance Company ("AIL"), hereby alleges the following:

1. AIL is a corporation organized and existing under the laws of the State of Indiana, maintaining its principal place of business in 1200 Wooded Acres Drive in Waco, Texas.

2. AIL brings this action in interpleader to determine entitlement to the proceeds of three (3) life insurance policies issued to Dalton Mohring.

179512781.1

3. The life insurance policy with Policy Number 16140604 provides for $100,000 in benefits and designated Defendant Natasha Moreno as the primary beneficiary and Defendant Stephen Mohring as the contingent beneficiary.

4. The life insurance policy with Policy Number 17524766 provides for $50,000 in benefits and designated Defendant Steve Mohring as the primary beneficiary and Defendant Natasha Moreno as the contingent beneficiary.

5. The life insurance policy with Policy Number 18272320 provides for $35,000 in benefits and designated Defendant M.M., a minor, as the primary beneficiary Stephen Mohring as the contingent beneficiary.

6. The policies were issued and delivered to Dalton Mohring at various addresses in Mohrsville, Pennsylvania and Bernville, Pennsylvania.

7. Dalton Mohring passed away on January 11, 2026.

8. AIL believes and therefore avers that Defendant Steve Mohring resides at 2543 Centerport Road, Mohrsville, Pennsylvania and that he is a citizen of the Commonwealth of Pennsylvania.

9. Defendant Dejanae Navedo, individually and as parent and guardian of M.M., a minor, has asserted, via her attorneys at the law firm of Boonswang Law, a claim as the sole valid beneficiary of the three (3) policies.

10. AIL believes and therefore avers that Defendant Natasha Moreno was at relevant times a resident of the Commonwealth of Pennsylvania but that she now resides of the State of New York and is a citizen of the State of New York.

11. AIL believes and therefore avers that Defendant Natasha Moreno was at no relevant time a citizen or resident of the State of Indiana or the State of Texas.

12. AIL has been advised by Defendant Natasha Moreno that she is the biological mother of Defendant M.M., a minor, and, therefore, AIL believes and therefore avers that Defendant Natasha Moreno is the biological mother of Defendant M.M., a minor.

13. AIL has been advised by Defendant Natasha Moreno that she shares legal custody

179512781.1

of Defendant M.M., a minor, with Defendant Steve Mohring, and, therefore, AIL believes and therefore avers that Defendant Natasha Moreno shares legal custody of Defendant M.M., a minor, with Defendant Stephen Mohring.

14.   AIL believes and therefore avers that Defendant M.M., a minor, was at relevant times a citizen of the Commonwealth of Pennsylvania and at no relevant time a citizen or resident of the State of Indiana or the State of Texas.

15.   AIL believes and therefore avers that Defendant Dejanae Navedo resides at 519 Shalter Avenue, Temple, Pennsylvania and that she is a citizen of the Commonwealth of Pennsylvania.

16.   This Court has jurisdiction under Federal Rule of Civil Procedure 22.

17.   This matter meets the jurisdictional requirements of 28 U.S.C. § 1332 because the plaintiff is not the a citizen of the same State as any defendant and the amount at stake exceeds the sum or value of $75,000.

18.   Alternatively or in addition to, this Court has also has jurisdiction under 28 U.S.C. § 1335 because at least two defendants are citizens of different States and the value of the property in controversy is at least $500.

19.   Venue is property under 28 U.S.C. § 1391 and / or 1397.

20.   Each of the defendants claims an entitlement to all or some of the proceeds of the above referenced insurance policies.

21.   Defendant Natasha Moreno claims an entitlement to the proceeds of Policy Number 16140604.

22.   Defendant Steve Mohring claims an entitlement to the entirety of the proceeds of Policy Number 17524766, whereas Defendant Natasha Moreno claims an entitlement to 25% of the proceeds as the contingent beneficiary based upon the application.

23.   Defendant M.M., a minor, is the primary beneficiary of Policy Number 18272320; however, both Defendant Natasha Moreno and Defendant Steve Mohring are claiming status as legal custodian of Defendant M.M.

24. Defendant Dejanae Navedo claims an entitlement to all of the proceeds of all of the policies, seemingly because she is the mother of D.M., a minor.

25. In light of each defendant's claims, AIL cannot determine which claims are valid without exposing itself to potential double litigation.

26. AIL will deposit the proceeds with the registry of the Court.

**WHEREFORE**, American Income Life Insurance Company prays as follows:

a. That American Income Life Insurance Company's civil action of interpleader be permitted;

b. That American Income Life Insurance Company be authorized and directed to pay into the registry of this Court the proceeds of the policies;

c. That Defendants be directed and required to set forth in this case any claims which they may have or may wish to assert for purposes of distributing the proceeds of the policies;

d. That Defendants be permanently restrained from instituting or prosecuting any action against American Income Life Insurance Company for or in any way related to the payment of the proceeds of the polices ;

e. That American Income Life Insurance Company be discharged from any and all further liability regarding the proceeds of the polices;

f. That American Income Life Insurance Company be awarded a reasonable sum to cover its costs, expenses, and attorney fees in connection with the bringing of this interpleader; and American Income Life Insurance Company have such other and further relief this Court deems just and equitable.

LEWIS, BRISBOIS, BISGAARD & SMITH LLP

By:___*/s/ Bryon R. Kaster*___
      Bryon R. Kaster, Esquire
      Pa. I.D. No. (#91707)
      bryon.kaster@lewisbrisbois.com

*Counsel for Defendant, American Income Life
Insurance Company*

One PPG Place | 28th Floor
Pittsburgh, PA 15222

P: (412) 567-5596

179512781.1